ETHEL D. HEARN, ADMINISTRATRIX, ESTATE OF BENJAMIN F. HEARN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10285. Promulgated January 17, 1928.

*John E. McClure, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

OPINION.

LANSDON: The parties having stipulated that the books show that the net income of the partnership for the years 1919 and 1920 was

$39,201.29 and $21,372.49, respectively, and neither having produced any evidence that such amounts were not the true net income for such several years, and, it having been proved that Hearn and Caughy owned equal interests in the partnership, it remains only for us to direct that the tax liability of the decedent for such years shall be recomputed under Rule 50, in conformity with the facts so established.

It is not disputed that the amount of $14,701.32, which the respondent added to the income of the decedent for the period January 1, 1921, to January 4, 1921, represents one-half of profits earned by the partnership, but not realized by collection or otherwise prior to December 31, 1920. Inasmuch as it is proved that Hearn kept his books and made his income-tax returns on the cash receipts and disbursements basis, and that a similar procedure was followed by the partnership, we are of the opinion that the respondent was in error in making such addition to Hearn's income for the period in question.

The respondent added $2,938.43 to the income of the petitioner for the period January 5 to December 31, 1921. It is not disputed that this amount represents one-half the net profits of the business conducted by Caughy, the surviving partner, during such period. The evidence is clear that the petitioner received no such amount during the period in question; but the respondent contends that whether distributed or not, one-half the profits of the business for such period should be taxed to the estate of Hearn, since all its assets remained in and were used in the business for the entire time involved. The petitioner appears to rely on the fact that the partnership of Hearn and Caughy was terminated by action of law at January 4, 1921, and offers no evidence that the estate of Hearn was not entitled to share in the distributive profits of such business earned in the remainder of the year. This contention is not in accord with the well-established law of Maryland, applicable to the facts herein. In the case of *Goodburn* v. *Stevens*, 1 Md. 420, *et seq.*, the court said that " If the surviving partners continue the trade or business, it is at their own risk and they will be liable, at the option of the representatives of the deceased partner, to account for the profits made thereby, or to be charged with interest upon the deceased partner's share of the surplus, besides bearing all losses."

Since it appears that the representatives of the deceased partner had the right to demand and recover the proportionate part of the profits of the business during the period here involved, attributable to the interest of the estate in the assets employed, we are of the opinion that such profits, whether or not distributed, were income to the estate.

*Judgment will be entered on 10 days' notice, under Rule 50.*